LUCIUS N. BISHOP, PLAINTIFF, *v.* FRANCIS BARTON, DEFENDANT.

*Indian reservation — bridges on — duty of commissioner of highways to repair.*

This action was brought to recover for injuries sustained by the plaintiff, by the falling of a bridge, within the boundaries of the town of South Valley, on the ground that it was the duty of the defendant, the commissioner of highways of said town, to keep the same in repair. The bridge, which, together with the highway leading thereto on either side, was situated on the Allegany Indian reservation, was constructed by commissioners appointed by virtue of chapter 473, Laws of 1866. *Held*, that the defendant was not bound to keep the bridge in repair, and that plaintiff was not entitled to recover.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term.

The plaintiff brought this action to recover of the defendant, sole commissioner of highways of the town of South Valley, for injuries sustained through the falling of a bridge in the said town, in July, 1872, while the plaintiff, with a team and loaded wagon, was passing over it. The bridge, together with the highway, on each side, leading thereto, was on the Allegany Indian reservation, although within the boundaries of the town of South Valley. It was built in 1867, under the provisions of chapter 473, Laws of 1866. At the trial, the plaintiff was nonsuited, on the ground that it was not the duty of the defendant to keep the bridge in repair.

*Wm. H. Henderson*, for the plaintiff.

*James G. Johnson*, for the defendant.

GILBERT, J. :
This appeal brings up only one question, namely, whether the defendant, as commissioner of highways of the town of South Valley, was charged with the duty of repairing the bridge in question, by virtue of article 1, title 1, chapter 16, part 1, of the

Revised Statutes. The bridge was constructed pursuant to an act of the legislature, passed in 1866, by a commissioner appointed by the same act. It is entirely within the boundaries, as designated by statute, of the town of South Valley, and intersects a highway therein, but it is also situated wholly upon the Allegany Indian reservation. The article of the Revised Statutes referred to, provides that the commissioners of highways in the several towns in this State, shall have the care and superintendence of the highways and bridges therein, and that it shall be their duty to give direction for the repairing of the roads and bridges within their respective towns, and to cause the highways and the bridges, which are or may be erected over streams intersecting highways, to be kept in repair. This language by itself, certainly, would embrace the case. Still, we are of opinion that the legislature did not so intend. Part 1 of the Revised Statutes, in which the enactment quoted is contained, is entitled, "An Act concerning the territorial limits and divisions, the civil polity and internal administration of this State." It was passed as one act, December 3d, 1827.* Upon the rule of construction adopted by this court, and by the Court of Appeals, in *The People* v. *Molyneux*,† it is manifest that the statute was intended solely for the government of citizens, and was not intended to embrace affairs pertaining to the Indians or their reservations. Legislation concerning the latter subjects, has never formed a part of the internal administration of the State, within the meaning of that statute, but has always been quite distinct from that relating to citizens generally. ‡ This fact strongly confirms the correctness of such construction.

It is unnecessary, therefore, to consider the extent of the power of the legislature over the subject before us. For the reasons stated, we think the defendant is entitled to judgment.

Judgment ordered for defendant.

* 1 R. S., 715; Laws 1827, p. 1, 2.    † 53 Barb., 9; 40 N. Y., 113.
‡ See Laws 1813 and subsequent statutes; Edm. stat., 4th vol., 342, *et seq.*